**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REBECCA KELLY, <br><br> Plaintiff, <br><br> v. <br><br> VIGILANT EXPEDITIONARY SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 24-503 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Vigilant Expeditionary Solutions, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 20) Plaintiff Rebecca Kelly's ("Plaintiff") Amended Complaint (ECF No. 16). After careful consideration of the parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, the Court denies Defendant's Motion to Dismiss and grants Plaintiff's request for jurisdictional discovery.

**I. BACKGROUND**

   **A.   Factual Background[1]**

Plaintiff is an ex-employee of Defendant who worked remotely in New Jersey between 2018 and 2023. (Am. Compl. ¶¶ 11-13, 19, ECF No. 16.) Defendant is a "global telemedicine, medical advisory, logistics and professional staffing company" that is incorporated in North

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Carolina, with no principal place of business in New Jersey. (Rebecca Kelly Declaration ("R. Kelly Decl.") ¶ 3, ECF No. 23-8; Pl.'s Opp'n Br., Ex. 1, ECF No. 23-3; Am. Compl. ¶ 4.) Among other services, Defendant sells memberships to the general public throughout the United States and Canada, through its Global Medassist Program ("GMP"), that gives patients access to healthcare providers online (telemedicine), and when necessary, Defendant will also fill prescriptions and deliver them to patients. (R. Kelly Decl. ¶¶ 4-5.) On its website, Defendant describes this program as "medical access for global travelers," which provides "immediate access to [Defendant's] medical operations center and emergency medicine physicians" and a "personalized Travel Medical Kit." (Pl.'s Opp'n Br., Ex. 2, ECF No. 23-4.) Defendant hires employees from across the country to work remotely. (*See* Pl.'s Opp'n Br., Ex. 3 ("Job Openings"), ECF No. 23-5 (listing two job positions with the location as "Remote" in the "United States").)

Plaintiff was one of these remote employees. (*See* Erin Brady Certification ("Brady Cert."), Ex. A ("Emp. Cont."), ECF No. 20-5; Am. Compl. ¶ 11.) She had an employment contract with Defendant where she was promised a fixed salary and commissions for a full-time, remote position as a "Territory Managing Director." (*See* Emp. Cont.; Am. Compl. ¶ 11.) The role included "planned travel to clients plus occasional travel to [Defendant's] headquarters." (Emp. Cont. 1.) The contract provided Plaintiff with a fixed salary of $130,000 per year, and Plaintiff could earn up to an additional $120,000 if she generated "$500,000 gross new revenue in a year." (Am. Compl. ¶ 12.) Plaintiff's targeted full-year earnings were therefore $250,000. (*Id.*) In addition to being an employee of Defendant, Plaintiff was also a subscribing member to the GMP, through which she had online consultations with doctors and received prescriptions through the mail at her home in New Jersey. (R. Kelly Decl. ¶¶ 6-7.)

Until 2021, Plaintiff performed her job duties and was paid her fixed salary and commission. (Am Compl. ¶¶ 14-15.) Starting in 2022, however, Plaintiff alleges that Defendant unilaterally changed the terms of her employment contract and withheld her commission, all while holding her to the same high work expectations. (*Id.* ¶ 15.) Plaintiff continued her work and received less compensation than the agreed-upon consideration for employment. (*Id.* ¶ 18.) In September 2023, Defendant terminated Plaintiff "for reasons relating to 'restructuring' needs of Defendant's management." (*Id.* ¶ 19.) Defendant has not yet paid commission to Plaintiff for her work from the period between January 2022 and September 2023. (*Id.* ¶¶ 20-22.) Plaintiff alleges three claims against Defendant: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel. (*Id.* ¶¶ 21, 28, 33.)

### B. Procedural Background

On January 27, 2024, Plaintiff filed suit alleging the above causes of action against Defendant. (ECF No. 1.) Defendant subsequently moved to dismiss under Federal Rule of Civil Procedure 12(b)(2).[2] (ECF No. 15.) Plaintiff thereafter filed the Amended Complaint, and Defendant's pending motion to dismiss was terminated as moot. (ECF No. 19.) Defendant now moves to dismiss the Amended Complaint. (Def.'s Moving Br., ECF No. 20-1.) Plaintiff opposed, (Pl.'s Opp'n Br., ECF No. 23), and Defendant replied (Def.'s Reply Br., ECF No. 25).

### II. LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. The Court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by New Jersey's long-arm statute. *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 221 (D.N.J. 2020). New Jersey's long-arm statute permits the same protections afforded by the

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Due Process Clause under the Fourteenth Amendment of the United States Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). The Court, therefore, may exercise personal jurisdiction so long as the defendant maintains "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Henry Heide, Inc. v. WRH Prods. Co.*, 766 F.2d 105, 108 (3d Cir. 1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). Although a plaintiff bears the burden of showing that personal jurisdiction exists, "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction, and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citation omitted). Still, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of [personal] jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (first and second alteration in original) (internal citation and quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the

inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). If the plaintiff meets this burden, the burden shifts to the defendant, who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226 (citations omitted).

### III. DISCUSSION

A court is authorized to exercise two types of personal jurisdiction: general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Defendant argues that the Amended Complaint should be dismissed for a lack of personal jurisdiction because Plaintiff has not carried her burden to establish either general or specific jurisdiction. (*See generally* Def.'s Moving Br.) The Court addresses each type in turn.

#### A. General Jurisdiction

General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Defendant argues that Plaintiff has not established general jurisdiction because New Jersey is not Defendant's state of incorporation or principal place of business, and it does not have sufficient continuous and substantial contact with New Jersey. (Defs.' Moving Br. 13-19.) Plaintiff argues in opposition that general jurisdiction exists under the New Jersey Business Corporation Act, N.J. Stat. Ann. § 14A:1-1, *et seq.* ("NJBCA"), and that Defendant has conducted business in New Jersey that is continuous and systematic. (Pl.'s Opp'n Br. 8-9.)

##### 1. The NJBCA

Here, neither party disputes that Defendant is incorporated in North Carolina with no principal place of business in New Jersey. (Am. Compl. ¶ 4; Julie Siler Certification ("Siler Cert.")

¶ 5, ECF No. 20-4.) Plaintiff argues instead that Defendant is subject to general personal jurisdiction under the NJBCA. (Pl.'s Opp'n Br. 8-9.) Specifically, Plaintiff argues that, whether Defendant obtained this certification or not, it is subject to the consequences of transacting business in New Jersey, including the "disclos[ure] [of] 'a registered agent in this state'" and thereby subject "to New Jersey jurisdiction no differently than a domestic corporation." (*Id.* at 8 (citing NJBCA § 14A:13-4(1)(d)).) Defendant argues that the NJBCA does not provide for personal jurisdiction over every foreign corporation doing business in New Jersey. (Def.'s Reply Br. 3.) The Court agrees.

In the Third Circuit, "by registering to do business in a state, a court may find that a corporation consented to personal jurisdiction." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 174 (D.N.J. 2016). Whether a corporation in fact consented to personal jurisdiction "depends on whether the text of the state's registration statute constitutes express consent to jurisdiction." *Id.* For example, the Third Circuit has found that a corporation that registered to do business in Pennsylvania under Pennsylvania's business registration statute does consent to general jurisdiction in Pennsylvania. *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991). The language of the Pennsylvania statute stated, in relevant part, that "[i]ncorporation under or qualification as a foreign corporation under the laws of [Pennsylvania]" or "[c]onsent" provided "a sufficient basis of jurisdiction to enable the tribunals of [Pennsylvania] to exercise general personal jurisdiction."[3] *Id.*

---

[3] The Supreme Court has recently held that a statute, like Pennsylvania's, that compels a registering foreign corporation to consent to general personal jurisdiction is constitutional. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 126 (2023).

Here, the NJBCA also requires foreign corporations[4] to obtain a certificate of authority from the Secretary of State to have the right to transact business in New Jersey and that a corporation "maintain a registered office in th[e] State, and a registered agent having a business office identical with such registered office." N.J. Stat. Ann. § 14A:4-1(1). While these two requirements are similar to those of Pennsylvania, the similarities end there. As other courts in this District have recognized, the NJBCA "do[es] not contain express language that registration or the appointment of an agent constitutes submission to the 'general jurisdiction' of New Jersey courts." *Display Works, LLC*, 182 F. Supp. 3d at 175-76; *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 469 (D.N.J. 2021) ("New Jersey registrations do not confer general jurisdiction."); *see also Simplot India LLC v. Himalaya Food Int'l Ltd.*, No. 23-1612, 2024 WL 1136791, at *10 (D.N.J. Mar. 15, 2024) (collecting cases finding that the NJBCA does not "explicitly provide that registration constitutes consent to general personal jurisdiction"). The Court, therefore, rejects Plaintiff's arguments that the NJBCA grants this Court general jurisdiction over Defendant.

### 2. *Continuous and Systematic Ties*

Next, the Court must determine whether Defendant's conduct is nevertheless so "continuous and systematic" that this Court may exercise general jurisdiction over Defendant. *Daimler*, 571 U.S. at 127. "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). The Third Circuit has noted that "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of

---

[4] The statute defines a "foreign corporation" to mean "a corporation for profit organized under the laws of a jurisdiction other than th[e] State." N.J. STAT. ANN. § 14A:1-2.1.

business.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (emphases in original). But in an "'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co.*, 581 U.S. at 413 (quoting *Daimler*, 571 U.S. at 139 n.19). A court must evaluate "[a] corporation's activities in their entirety" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 414 (quoting *Daimler*, 571 U.S. at 140 n.20).

Defendant argues that its contacts are not continuous and systematic because it does not conduct "regular, intentional operations in New Jersey" and that its ties to New Jersey resulted from Plaintiff's own conduct. (Def.'s Moving Br. 14.) Plaintiff argues in opposition that Defendant's ties are "continuous and systematic" because Defendant: (1) provides telemedicine and engages in telehealth in New Jersey, including for Plaintiff and her family (Erin Kelly Declaration ("E. Kelly Decl.") ¶¶ 1-2, ECF No. 23-7; R. Kelly Decl. ¶¶ 6-7; Kevin Kelly Declaration ("K. Kelly Decl.") ¶¶ 1-5, ECF No. 23-9; Maura Kelly Declaration ("M. Kelly Decl.") ¶¶ 1-3, ECF No. 23-10; Am Compl. ¶ 6); (2) collected personal, sensitive information and money from New Jersey residents, including Plaintiff and her family, and sold them subscriptions and memberships to telemedicine services. (R. Kelly Decl. ¶ 4; Am. Compl. ¶ 6); (3) employed physicians based or licensed in New Jersey, such as Dr. Matthew Cellini ("Dr. Cellini"), to carry out telemedicine and telehealth services with patients in the state, including Plaintiff and her family (Dr. Cellini Bio., ECF No. 23-6; R. Kelly Decl. ¶¶ 4, 8; Am. Compl. ¶ 6); (4) filled and shipped prescriptions to New Jersey addresses of its patients, including two specific prescriptions to Plaintiff and her family (E. Kelly Decl. ¶¶ 1-2; R. Kelly Decl. ¶¶ 6-7; K. Kelly Decl. ¶¶ 1-5; M. Kelly Decl. ¶¶ 1-3; Am Compl. ¶ 6); and (5) withheld payroll taxes from Plaintiff's earnings. (R. Kelly Decl. ¶ 2; Am. Compl. ¶ 6).

Even taking the facts presented by Plaintiff as true, she has not alleged the type of "continuous and systematic" conduct required for this Court to exercise general jurisdiction over Defendant. While the Amended Complaint speaks broadly about customers, clients, and doctors, Plaintiff only provides the Court with evidence concerning Plaintiff and her family. (*See* E. Kelly Decl. ¶¶ 1-2; R. Kelly Decl. ¶¶ 6-7; K. Kelly Decl. ¶¶ 1-5; M. Kelly Decl. ¶¶ 1-3; Am Compl. ¶ 6.) Plaintiff and her family's "unilateral activity . . . is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417 (citing *Kulko v. Cal. Superior Ct.*, 436 U.S. 84, 93 (1978)). Even for Dr. Cellini, who had a New Jersey medical license and provided telehealth services to New Jersey patients (R. Kelly Decl. ¶ 8; Siler Cert., Ex. A at 6 ("Cellini CV"); Am. Compl. ¶ 6), Plaintiff can only point to her own family as his patients (Pl.'s Opp'n Br. 6). Such limited contact is not the "exceptional case" that makes a foreign corporate defendant "essentially at home in the forum State." *BNSF Ry. Co.*, 581 U.S. at 414 (finding no general jurisdiction because the corporate defendant railroad was incorporated and had its principal place of business out-of-state and did not conduct sufficient business in the state to find continuous and systematic ties, despite having over 2,000 miles of railroad and more than 2,000 employees in the state); *Caduceus, Inc. v. Univ. Physician Grp.*, 713 F. Supp. 3d 30, 35 (D.N.J. 2024) (finding no general jurisdiction where the corporate defendant was incorporated and had its principal place of business out-of-state, and there were no allegations that the defendant had an office in the state, a large percentage of employees in the state, or owned or used any property in the state.); *cf. Leja v. Schmidt Mfg.*, No. 01-5042, 2005 WL 1366533, at *7 (D.N.J. June 7, 2005) (finding no substantial or continuous activity where the defendant "had no . . . daily or regular contact with

New Jersey that [wa]s central to the functioning of its business" and had only sent brochures to a few New Jersey customers in response to their requests).

Plaintiff's only other argument in favor of general jurisdiction is that Defendant complied with New Jersey payroll tax obligations by withholding such taxes from Plaintiff's earnings. (Pl.'s Opp'n Br. 9; Am. Compl. ¶ 6; R. Kelly Decl. ¶ 2.) While Defendant did withhold taxes for Plaintiff in New Jersey, Plaintiff does not provide the Court with evidence of any other New Jersey employees. (*See* R. Kelly Decl. ¶ 2; Am. Compl. ¶ 6.) In any event, "payment by [Defendant] of withholding and corporate taxes, combined with the above, 'plainly do[es] not approach' the threshold level of contact required." *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 433 n.3 (E.D. Pa. 2015) (citations omitted). Moreover, Defendant retaining one, or even a small number, of remote employees in New Jersey is insufficient to establish general jurisdiction. "[T]he mere presence of an employee within the forum state [is] insufficient to confer general personal jurisdiction over an out-of-state corporate defendant." *E. Coast Test Prep, LLC v. Allnurses.com, Inc.*, No. 15-3202, 2015 WL 12781605, at *3 n.3 (D.N.J. Aug. 28, 2015) (quoting *Zibiz Corp. v. FCN Tech. Sols.*, 777 F. Supp. 2d 408, 419 (E.D.N.Y. 2011)) (finding one remote employee insufficient for establishing general jurisdiction); *see also Display Works, LLC*, 182 F. Supp. 3d at 173 (finding that plaintiff did not establish general jurisdiction where, *inter alia*, defendant had three employees working in New Jersey).

For these reasons, the Court finds that, on the current record, Defendant's ties to New Jersey are not sufficiently "continuous and systematic" for this Court to exercise general jurisdiction.

### B. Specific Jurisdiction

Having found no general jurisdiction on the record before the Court, it next analyzes whether specific jurisdiction exists. Defendant argues there is no specific jurisdiction because Plaintiff's claims "are unrelated to any of the forum-specific activities that Plaintiff alleges by [Defendant]." (Def.'s Moving Br. 21.) Plaintiff argues in opposition that specific jurisdiction exists from the parties' employer-employee relationship. (Pl.'s Opp'n Br. 9.) Specifically, Defendant had to comply with certain payroll, tax, and other record-keeping matters within New Jersey. (*Id.* at 9-10.)

Specific jurisdiction exists where: (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks and citation omitted). In the Third Circuit, this three-prong test "varies based on whether the underlying substantive claim is a tort claim, an intentional tort claim, or a breach of contract claim." *Caduceus, Inc.*, 713 F. Supp. 3d at 35 (citing *Danziger & De Llano, LLP v. Morgan Verkamp, LLC*, 948 F.3d 124, 130 (3d Cir. 2020)). Here, all three of Plaintiff's claims relate to Plaintiff's employment contract: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel. (*See* Am. Compl.); *Team First Consulting, LLC v. Hangliter*, No. 07-311, 2007 WL 1302440, at *4 (D.N.J. Apr. 27, 2007) (performing specific jurisdiction analysis for breach of contract, unjust enrichment, and promissory estoppel claims together).

Under the first prong, one way a defendant may purposefully avail itself of the forum state is by "deliberately . . . entering [into] a contractual relationship centered [in the forum state]." *Caduceus, Inc.*, 713 F. Supp. 3d at 36 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592

11

U.S. 351, 359 (2021)). But "[t]he fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident." *Mellon Bank*, 960 F.2d at 1223. Rather, the court "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) (citing *Mellon Bank*, 960 F.2d at 1223).

In general, "[a]n employee who works remotely from a home office . . . does not automatically subject [her] employer to the jurisdiction of [her] home state." *Tripp v. Ascentage Pharma Grp.*, No. 22-5934, 2023 WL 5425506, at *4 (D.N.J. Aug. 23, 2023) (citation omitted). Here, Plaintiff was hired "in a full-time position, working remotely" as a Territory Managing Director (Emp. Cont. 1), and throughout her employment, she was a full-time New Jersey resident (R. Kelly Decl. ¶ 2; Am Compl. ¶ 11). The role included "planned travel to clients plus occasional travel to [Defendant's] headquarters [in North Carolina]." (Emp. Cont. 1.) Plaintiff argues that "Defendant's forum-related activities are grounded in its employer obligations to maintain, in New Jersey, records of all her 'earnings . . . and the basis on which [her] wages are paid.'" (Pl.'s Opp'n Br. 10.)

It was Plaintiff's unilateral decision, however, to live in New Jersey. Even the remote job postings that Plaintiff attaches to her opposition brief show that Defendant posts a remote position with the location as the "United States." (*See* Job Openings.) Plaintiff does not plead any facts or include any information in her affidavits suggesting that her role as a Territory Managing Director required her to be in New Jersey or required her to work with New Jersey clients. *See Croatt v. Mission Fine Wines, Inc.*, No. 19-17786, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) (finding no personal jurisdiction where the plaintiff "made the personal choice of working from her

residence" and that "unilateral decision[]" was "not the result of deliberate direction or requirement by [her employer]"); *cf. Castillero v. Xtend Healthcare, LLC*, No. 22-2099, 2023 WL 8253049, at *11 (D.N.J. Nov. 29, 2023) (finding personal jurisdiction where plaintiff was hired to work from home in New Jersey as a bilingual customer service representative to serve residents in New Jersey). Rather, Plaintiff's role included travel to clients and to Defendant's headquarters located in North Carolina, suggesting that her role was not in fact centered in New Jersey.[5] (*See* Emp. Cont. 1.) "Plaintiff's claims against Defendant[] would be identical if [s]he lived anywhere else in the world." *Magill v. Elysian Glob. Corp.*, No. 20-6742, 2021 WL 1221064, at *7 (D.N.J. Apr. 1, 2021) (finding no personal jurisdiction where plaintiff brought breach of contract and other related claims against employer where "[p]laintiff's physical location in New Jersey [wa]s the only factor that connect[ed] th[e] dispute to New Jersey"); *see also Crosson v. TMF Health Quality Inst.*, No. 20-18800, 2023 WL 2609048, at *5 (D.N.J. Mar. 23, 2023) (finding no specific jurisdiction where plaintiff failed to demonstrate that defendant conducted business in New Jersey or otherwise targeted New Jersey, and defendant permitted plaintiff to work remotely in New Jersey "as a matter of [plaintiff's] own convenience"). As such, the Court finds that Plaintiff fails to establish that Defendant purposefully directed its conduct or activities to New Jersey.

    Because all three elements of the test must be met to establish specific jurisdiction, the Court need not consider the remaining two elements. *See O'Connor*, 496 F.3d at 317; *see also Croat*, 2020 WL 1921955, at *4 (finding that the court lacked specific jurisdiction where the plaintiff failed to establish the requisite purposeful availment). The Court, accordingly, finds that Plaintiff fails to meet her burden to show that this Court has specific jurisdiction over Defendant.

---

[5] Indeed, the Court notes that even the title of Plaintiff's position, Territory Managing Director, suggests that Plaintiff's role was not centered in one state or that it could only be performed in one state, but rather that she served a broad range of clients. (*See* Emp. Cont. 1.)

13

C.  **Jurisdictional Discovery**

Plaintiff requests in the alternative that this Court grant jurisdictional discovery. (Pl.'s Opp'n Br. 2.)

The decision to order jurisdictional discovery lies within the Court's sound discretion. *See Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362-63 (3d Cir. 1983). To that end, jurisdictional discovery is appropriate if a plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (alteration in original); *see also Cosa Marble, Inc. v. Classic Tile, Inc.*, No. 07-587, 2008 WL 320465, at *3 (D.N.J. Jan. 28, 2008) (finding jurisdictional discovery to be warranted when a plaintiff has provided "at least some evidence" that a defendant "has had some contact" with the forum state). The Third Circuit has found "jurisdictional discovery particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (citing *Compagnie Des Bauxites de Guinee*, 723 F.2d at 361). A court should permit jurisdictional discovery "unless the plaintiff's claim is 'clearly frivolous.'" *Nehemiah v. The Athletics Congress*, 765 F.2d 42, 48 (3d Cir. 1985).

Here, Plaintiff alleges that Defendant provided telemedicine and engaged in telehealth in New Jersey, collected personal, sensitive information and money from New Jersey residents and sold them subscriptions and memberships to telemedicine services, employed physicians based or licensed in New Jersey, and filled and shipped prescriptions to New Jersey. (*See* E. Kelly Decl. ¶¶ 1-2; R. Kelly Decl. ¶¶ 6-7; K. Kelly Decl. ¶¶ 1-5; M. Kelly Decl. ¶¶ 1-3; Am Compl. ¶ 6). The only specific examples that Plaintiff provides, however, relate to her own family. As an individual, however, Plaintiff is not in a position to access information about Defendant's other patients and

activities in New Jersey that would demonstrate the extent of Defendant's business in New Jersey. *See Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (citation omitted) (finding that jurisdictional discovery was necessary where "the business-related information [plaintiffs] s[ought] [wa]s in the sole possession of [defendant]"). As such, the Court finds jurisdictional discovery is warranted for determining the extent of Defendant's business activities in New Jersey and whether they are continuous and systematic enough to allow this Court to exercise general jurisdiction. The Court warns, however, that this discovery is not "a fishing expedition" into the underlying merits. *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011).

### IV.   CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss and grants Plaintiff's request for jurisdictional discovery. An Order consistent with this Memorandum Opinion will be entered.

Dated: August 30, 2025

                                             /s/ Michael A. Shipp
                                             MICHAEL A. SHIPP
                                             UNITED STATES DISTRICT JUDGE